# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 884 | **DATE** | 3/25/2002 |
| **CASE TITLE** | Lawrence McCarroll vs. United States of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated in the attached Memorandum Opinion and Order, McCarroll's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 is denied. [Doc. #s 1, 22]. This case is closed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAR 2 6 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | 25 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| vg(lc) courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Lawrence McCarroll, ) | |
| ) | 99 C 884 |
| Petitioner, ) | |
| ) | No. 99 CV 884/ No. 95 CR 48-1 |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| United States of America ) | |
| ) | MAR 2 6 2002 |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Before this court is petitioner's, Lawrence McCarroll ("McCarroll" or "petitioner") Motion to Amend his previously filed Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion to Vacate"). For the sake of convenience and clarity, this court will address the petitioner's Motion to Amend as well as his Motion to Vacate in this Memorandum Opinion and Order. For the following reasons, the petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255 is denied.

### Background

In 1996, following a month-long trial, McCarroll was found guilty of one count of conspiracy to possess heroin with intent to distribute (21 U.S.C. § 846), 16 counts of possession of heroin with intent to distribute (21 U.S.C. 841 (a) (1), one count of conspiracy to defraud the United States (18 U.S.C. § 371) and six counts of money laundering (18 U.S.C. § 1956 (a) (1) (B) (i)) . This Court determined that Petitioner had a Category III criminal history and assigned

1

25

him four points for his leadership role in the offense. However, this Court declined to give Petitioner a two level increase for gun possession. And, although this Court could have imposed a life sentence, Petitioner instead was sentenced to serve 396 months.[1] His conviction and sentence were affirmed on appeal. United States v. Jarrett, 133 F.3d 519 (7th Cir. ), cert.denied, 523 U.S. 1112 (1998). He was represented at trial and on appeal by attorney Chester Slaughter.

On January 27, 1999, petitioner filed a *pro se* § 2255 petition alleging ineffective assistance of counsel at trial and appeal to which the United States fully responded in a Consolidated Response on November 10, 1999.[2] Subsequently, this Court denied petitioner's motion to stay further proceedings with respect to his § 2255 petition. However, as McCarroll had alleged in his petition that his attorney, Chester Slaughter ("Slaughter"), was under investigation by the United States and therefore was operating under a conflict during his representation of Petitioner, this Court granted petitioner's request to conduct discovery into the alleged conflict.[3] This Court appointed J. Samuel Tenenbaum and Jonathan S. Polish to conduct discovery.

Following this, the Court partially granted petitioner's Motion to Compel production of documents to which the United States responded. In substance, the Responses by the United States to Petitioner's Discovery and Interrogatory Requests stated that the United States was

---

[1] For sentencing purposes, this Court calculated the conspiracy's relevant conduct at 75.4 kilograms of heroin.

[2] For the Court's convenience, the November 10, 1999, Consolidated response accompanies this Response at Exhibit A.

[3] The allegation against Mr. Slaughter arose in 1988, concerning conduct alleged to ahve occurred in 1987.

2

unaware of any federal grand jury investigation of Slaughter (Exhibit B, p. 2, ¶B) and that searches of both the Federal Bureau of Investigation Indices and the Drug Enforcement Administration Narcotics and Dangerous Drug Information System Indices produced no records indicating that Slaughter was ever the subject of an investigation concerning trafficking in illegal drugs. (Exhibit C, pp. 2-3).

Thereafter, petitioner's counsel deposed Mark Flessner ("Flessner"), the Assistant United States attorney who was the chief prosecutor at Petitioner's trial (and who is now in private practice), and Slaughter on the issue of the alleged conflict. Following these depositions, petitioner's counsel filed a Report Concerning Discovery (Exhibit D), establishing that Slaughter, at the time he was representing McCarroll, did not believe that he was under any criminal investigation and that Flessner was unaware of any criminal allegation against Slaughter at any time during the underlying criminal proceeding. As the Report noted that there were three other current and former Assistant United States Attorneys whom counsel had not deposed, this Court allowed further depositions. Subsequently, Assistant United States Attorneys Terry Kinney and James Conway ("Conway") and former Assistant United States Attorney Michael Mullen also were deposed.

After these depositions, petitioner's counsel filed a Supplemental Report Concerning Discovery (Exhibit E), essentially noting that none of these attorneys either followed up themselves nor were aware of any follow-up investigation of Slaughter emanating from the 1988 allegation against him. The Supplemental Report also established that the only reason Conway previously had used the term "subject" of a grand jury investigation with respect to Slaughter, was because "[t]echnically when you receive an allegation of wrongdoing on an individual in a

3

matter that is in front of the grand jury, that person is a subject." (Deposition of James Conway attached to Petitioner's Supplemental Report as Ex.~ 3, pp. 22-25 and accompanying this Response as Exhibit F).[4]

After the Supplemental Report was filed, this Court noted that appointed counsel had completed all that was required under the order of appointment, discharged them as attorneys for the Petitioner and gave Petitioner until August 1, 2001, to file an amended petition. On August 1, 2001, McCarroll filed a *Pro Se* Motion to Amend to include claims, pursuant to Apprendi v. New Jersey, 430 U.S. 466 (2000), that the indictment failed to allege a specific amount of controlled substance and that the jury was not instructed that it had to find beyond a reasonable doubt that Petitioner possessed with intent to distribute a specific amount of controlled substance. Petitioner also claimed that, because the four level increase he received for leadership role also increased his sentence beyond the statutory maximum, pursuant to Apprendi the issue of leadership should have been charged in the indictment and submitted to the jury to be proven beyond a reasonable doubt. He makes the same argument for the five year term of supervised release he received.

Additionally, Petitioner refashions the ineffective assistance claim he made in his original petition, claiming that his counsel was ineffective for failing to object to or raise the above Apprendi-styled issues at trial or on appeal. Petitioner also repeats his prior claim of ineffective assistance due to an alleged conflict of his counsel.

### Habeas Corpus Standard

If a defendant does not present a claim on direct review, he has committed a "procedural

---

[4]The matter before the grand jury was a drug investigation which resulted in a case prosecuted by Mr. Conway.

4

default." Prewitt v. United States, 83 F.3d 812. A defaulted claim generally cannot be heard on collateral review unless the applicant shows "cause" for each failure to raise the claim and "actual prejudice" resulting form the error he alleges. United States v. Frady, 456 U.S. 152, 170 (1982). The "cause and prejudice" standard requires a petitioner to show not only that "some objective factor external to the defense" impeded his efforts to raise the issue as required by each relevant procedural rule, Coleman v. Thompson, 501 U.S. 722, 753 (1991), but also that the error he alleges "worked to his actual and substantial disadvantage, infecting his entire trial with error," Frady, 456 U.S. at 170. Both are steep hurdles, "cause" because the novelty of a legal rule is not "cause"and "prejudice" because to show harm would have to establish that no reasonable jury could have found the quantity of drugs necessary to support his sentence. See Bousley v. United States, 523 U.S. 614, 621-24, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); Garrott v. U.S., 238 F.3d 903, 905.

**Analysis**

In the Motion to Amend presently before the court, the petitioner revises the ineffective assistance of counsel claim made in his original petition. In his original petition, McCarroll argues that his counsel was ineffective due to an conflict of his counsel. In addition, the petitioner now argues that his counsel was ineffective for failing to object or raise Apprendi issues at trial or on appeal.

The Sixth Amendment to the United States Constitution guarantees every criminal defendant the right to the assistance of counsel. USCA 6. To support an ineffective an ineffective assistance of counsel claim under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant must show (1) that counsel's performance fell below

5

an objective standard of reasonableness and (2) prejudice. Strickland, 466 U.S. at 695. In evaluating whether counsel's performance was deficient, "the court must defer to counsel's tactical decisions," avoid "the distorting effects of hindsight" and give counsel the benefit of a strong presumption of reasonableness. Id. at 689; Holman v. Gilmore, 126 F.3d 876, 881-82 (7th Cir.1997). Prejudice is established if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart v. Fretwell, 506 U.S. 364, 369, 122 L.Ed.2d 180, 113 S.Ct. 838 (1993) (quotations omitted).

A.   Apprendi Issues

McCarroll claims that he received ineffective assistance of counsel when his counsel failed to raise Apprendi issues at trial or on appeal. The respondent contends that the petitioner's failure to argue at trial or on direct appeal that the question of the quantity of drugs should have been charged in the indictment as well as submitted to the jury rather than to the court renders his claim moot.

In Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), the Supreme Court held that any fact, other than the fact of a prior conviction, "that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The Seventh Circuit has not yet addressed the question of whether Apprendi requires that the alleged drug quantity be charged in the indictment, submitted to a jury, and proven to a jury beyond a reasonable doubt. United States v. Cavender, 228 F.3d 792, 804 (7th Cir. 2000). Even assuming that Apprendi required that the drug quantity be proven to a jury beyond a reasonable doubt, the petitioner must establish that rule operates retroactively on collateral attack.

6

In this case, the Seventh Circuit has held that a new decision of the Supreme Court justifies a second or successive collateral attack only if it establishes "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Talbott v. Indiana, 226 F.3d 866 (???); see also 28 U.S.C. §§ 2244(b)(2)(A), 2255 ¶ 8(2).

More specifically the Seventh Circuit has reasoned that since the Supreme Court's decision in Apprendi does not explicitly state that it applies retroactively to other cases on collateral review and since no other decision of the Supreme Court applies Apprendi retroactively to cases on collateral review, no application based on Apprendi can be authorized under § 2244(b)(2)(A) or § 2255 ¶ 8(2). Id. at 869. Consequently, under the law of the Seventh Circuit, McCarroll may not avail himself of the Supreme Court's ruling in Apprendi on collateral review. Therefore, the petitioner's claim for ineffective assistance of counsel based on his counsel's failure to bring forth Apprendi issues is denied.

B.  Counsel Under Investigation

In his original petition, McCarroll argues that his counsel was ineffective due to the fact that Slaughter was under investigation at the time he was representing the petitioner, and therefore operating under a conflict during his representation of petitioner. This court disagrees.

Ineffective assistance of counsel claim premised on divergent interests of defendant and counsel may be based on a conflict that prejudiced the defense. "[W]here a conflict of interest provides the predicate for an ineffective assistance claim, a defendant bears a lighter burden with regard to demonstrating prejudice." Spreitzer v. Peters, 114 F.3d 1435, 1450 (7th Cir.1997) (citing U.S. v. Horton, 845 F.2d 1414, 1418 (7th Cir.1988)). See also Stoia v. U.S., 22 F.3d 766,

7

771 (7th Cir.1994) (hereinafter "Stoia I" ). Cuyler v. Sullivan, 446 U.S. 335, 348-49, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980), requires that in order to succeed on a claim of inadequate assistance of counsel under the Sixth Amendment, a defendant must show "that an actual conflict of interest adversely affected his lawyer's performance." Under the Cuyler test, once the defendant proves that an actual conflict exists, he or she need only demonstrate an adverse impact on his counsel's performance. See Thomas v. Foltz, 818 F.2d 476, 483 (6th Cir.), cert. denied, 484 U.S. 870, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987) (citing Ruffin v. Kemp, 767 F.2d 748, 752 (11th Cir.1985)). "This presumption of prejudice is necessary because a true conflict of interest forecloses the use of certain strategies and thus the effect is difficult if not impossible to measure." Spreitzer, 114 F.3d at 1450 (citing U.S. v. Fish, 34 F.3d 488, 492 (7th Cir.1994)). U.S. v. Gerardo, 1998 WL 292379, *2 - *3, (N.D.Ill.).

Despite the fact that a criminal investigation of a defendant's attorney may in some circumstances result in an actual conflict of interest, that is not this case. McCarroll has failed to provide this court with any evidence, beyond the mere fact that his attorney was being investigated for criminal charges, in support of his allegation that Slaughter was working under an actual conflict of interest. In order to prove that an actual conflict of interest existed, the defendant must support his claim with "specific instances in the record." U.S. v. Cirrincione, 780 F.2d 620, 629 (7th Cir.1985) (footnote and citations omitted). The Seventh Circuit has held that an actual conflict exists if "the defense attorney was required to make a choice advancing his own interests to the detriment of his client's interests." Stoia II, 109 F.3d at 395 (citing Stoia I, 22 F.3d at 771). The defendant in the instant case, however, has failed to point to specific points at which his interests diverged with his attorney's "with respect to a material factual or legal issue or to a

8

course of action." Cuyler, 446 U.S. at 356 n. 3, 100 S.Ct. at 1722 n. 3.

In fact, in this case, Slaughter was not aware that he was ever under an investigation, let alone during the period his representation of McCarroll. Consequently, Slaughter did not have an opportunity to know advance his own interests over the interests of McCarroll. Petitioner's claim of ineffective assistance of counsel due to a conflict of interests is denied.

## Conclusion

For the foregoing reasons, McCarroll's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 is denied.

Enter:

_____
David H. Coar
United States District Judge

Dated: March 25, 2002

9